We insist that the power to dismiss suits for refusal to comply with the requirements of law and the orders of the court is necessary to the proper operation of the judicial system, and that the construction of the law contended for by appellant as to the conclusiveness of such dismissal would certainly render the statute nugatory and ineffectual and greatly embarrass the administration of justice.

OPINION.—COOPER, J.:

The dismissal of a cause by the Chancery Court because of the failure of the complainant to comply with an order requiring security for costs is not an adjudication of the merits of the controversy, and cannot be pleaded in bar of a subsequent suit for the same matters.

*The decree of the chancellor is reversed,* the plea of the defendant is disallowed, and the defendant is allowed thirty days after the mandate in the case shall have been filed in the court below to answer complainant's bill.

---

ROBERT CLAYTON *v.* THE STATE.

Evidence — Posession of Stolen Property — Presumption — Explanation.

> While the recent possession of stolen property by the accused is a circumstance which may be considered and from which the jury may infer guilt, it is error to exclude evidence offered by the accused in explanation of the possession which showed that the explanation was made when first called upon to explain.[1]

Robert Clayton was convicted in the Circuit Court of Marshall county of grand larceny and sentenced to the penitentiary, and appeals.

---

1

The possession of stolen goods recently after they were stolen, raises a presumption that the possessor stole them; there is no definite time settled in which the goods must be so found in the possession of the accused, to raise presumption, which is strong or weak as the time is short, or extended from the time of the loss until the period of finding is so remote that this presump-

On the trial, S. J. Legg testified for the State that on the morning of December 26, 1881, he asked defendant, Clayton, to go into his room and make up his bed; that he left his pants hanging on the bed, with $14.60 in the pocket; that he left the room and returned in less than a half hour, and found some papers partly stuffed in the pants pocket and the money gone; that he immediately went in search of Clayton, and found him, and asked him.

tion is altogether destroyed; this presumption is also indulged for a longer period of time in cases where the goods are bulky, or inconvenient of transmission, or unlikely to be so transferred, than where they are light and easily passed from hand to hand, and likely to be so passed. Jones' Case, 4 Cush. 247; Jones' Case, 30 Miss. 653; Belote's Case, 36 Miss. 97; Unger's Case, 42 Miss. 642.

In a prosecution for stealing a saddle, the finding of it in prisoner's possession, after the lapse of five months from the theft, was held insufficient alone to warrant a conviction. *Ib.*

If the account of his possession, given by the accused, be reasonable, the prosecution must disprove it, *aliter* if it be unreasonable. Jones' Case, 30 Miss 653.

What will be sufficient to account for the possession or to remove the presumption of guilt arising from it, will depend much upon the time between their loss by the owner and their discovery in possession of the prisoner, the nature and character of the goods and the circumstances. Belote's Case, 36 Miss. 97.

If the conduct of the accused, found in possession of the stolen goods, be consistent with the account given by him of his possession, it is a circumstance in his favor. So also is open possession of the goods, when they are liable to apprehension by the owner. Jones' Case, 30 Miss. 653.

Under no circumstances is possession of stolen property conclusive proof of the possessor's guilt. Such possession, though recent, only raises a presumption of fact from which guilt may be deduced. The jury should be left free to exercise its own judgment as to the weight of such presumption. Stokes *v.* State, 58 Miss. 677; Harris *v.* State, 61 Miss. 304.

The jury may take into consideration the recent possession of stolen property, and in the absence of satisfactory explanation, may infer guilt from it; but it is error to instruct that the possessor is presumed to be guilty of the larceny. Matthews *v.* State, 61 Miss. 155; Stokes *v.* State, 58 Miss. 677.

While the recent possession by accused of property burglariously stolen is a circumstance which may be considered, and from which, in the absence of a reasonable explanation, the jury may infer guilt, yet the law does not raise a presumption of guilt from such possession, and it is error to instruct that it does. Matthews *v.* State, 61 Miss. 155; Harper *v.* State, 71 Miss. 202; 13 So. 882.

Recent possession of stolen property raises a presumption of guilt, but it is competent in rebuttal to prove the explanation by accused of his possession,

to give up the money, and defendant said, "I have got it," and handed it back; that defendant said he had found it on the table and intended to give it back to witness.

Douglas Anderson was introduced by the defendant, and testified that the defendant ate breakfast with him on the morning of December 26, 1881; that he lived a short distance from the room where Mr. Legg lived. He was then asked if defendant said anything to him about having Mr. Legg's money. Objection to this

if contemporaneous with it or made when he is first called upon for explanation. It is not the rule, as sometimes stated, that if the explanation by defendant is reasonable, it devolves upon the State the burden of disproving it or else suffer an acquittal. The better rule is to admit the explanation, allowing the jury to give it such weight as its inherent probability, coupled with the failure of the State to disprove it where the means for doing so lie peculiarly within its power, may, in the opinion of the jury, entitled it to. Payne v. State, 57 Miss. 348.

The possession of stolen property must be recent to raise a presumption of guilt, but the omission in an instruction of the qualification that the possession must have been recent to raise the presumtion, is cured by another instruction containing that qualification. Payne v. State, 57 Miss. 348.

The strength of the presumption springing from the recent possession of stolen property depends wholly upon the length of the time which has elapsed since the larceny and upon the nature of the property. If the time be long, and the property is easily handled and readily transmissible, the presumption is very slight. Snowden v. State, 62 Miss. 100.

If a lot of goods stolen exceed in value ten dollars, a presumption of grand larceny arises from the recent unexplained possession of a portion thereof, although such portion be worth less than that. Snowden v. State, 62 Miss. 100.

Possession of stolen goods recently after the theft raises a presumption of guilt, unless all the attending circumstances disclosed in the testimony overcome it. In order that possession may have such effect, it must be so recent after the larceny as to show that the accused could not well have come by the goods otherwise than by theft. Foster v. State, 52 Miss. 695.

On a trial for larceny, it is competent for accused to prove conversations in which he participated, or which occurred in his presence previous to the alleged larceny, tending to show that he was misled into taking the property, as agent for another. Chambers v. State, 62 Miss. 108.

The possession by accused of stolen goods must be recent after the loss in order to raise the presumption of guilt. The probability of guilt is stronger or weaker in proportion to the period intervening between the taking and the finding, but it may be entirely removed by the lapse of such time as to render it not improbable that the property may have been taken by another. Davis v. State, 50 Miss. 86.

Goods of about the value of one thousand dollars were taken from a store. Eleven months thereafter, goods bearing the same trade-mark, and in gen-

was sustained by the court. Defendant then stated to the court that he would prove by the witness that before he was arrested on the morning of December 26, 1881, he told witness that he found Mr. Legg's money on the floor near the table in his room, which

eral description like those stolen, to the value of about one hundred and forty dollars, were found in the possession of the accused. The court qualified the instruction for defendant by adding the following. "If the jury believe from the evidence that goods as described were stolen in January, and discovered in the manner as described, eleven months thereafter, the time would not be unreasonable." *Held*, that this was erroneous and was virtually instructing upon the merits. Whether the time "would not be unreasonable," was, with all the facts, a question to be determined by the jury. Davis v. State, 50 Miss. 86.

On a trial for larceny it is error to instruct the jury that if it believes from the evidence that property was lost on Monday night, and found in possession of the accused Wednesday morning, then the law presumes the defendant to have stolen it, and that he should be convicted upon this evidence alone without corroboration, unless by proof he overcome the legal presumption of guilt, and that if he fails to give a reasonable account of his possession, such possession becomes conclusive proof of guilt. The jury should not be instructed that it must conclusively presume guilt from the fact of possession. Stokes v. Stokes, 58 Miss. 677.

While in extreme cases, where it is clear that no unfavorable suspicion can be drawn from recent possession, the court should so instruct. As a matter of law, as a general rule, it is for the jury to determine the weight of such presumption. Snowden v. State, 62 Miss. 100.

Possession of stolen property shortly after its loss by the owner is presumptive evidence of guilt, but this may be explained. If the defendant in whose possession the same is found, fails to give reasonable account of his possession, the presumption of guilt arises. What will be sufficient to account for the possession will depend much upon the length of time which intervenes between the loss and the discovery of possession, the nature of the property and all the circumstances, and this is to be determined by the jury. Davis v. State, 50 Miss. 86.

Where one in whose possession stolen property is found, gives a reasonable account of his possession, it is incumbent on the State to show that it is false; otherwise if the account be unreasonable or improbable. Davis v. State, 50 Miss. 86.

No definite loss of time after loss of goods, and before possession shown in the accused, is fixed as raising a presumption of guilt. Where property is bulky or unlikely to be transferred, a greater lapse of time is allowed to raise the presumption than in cases where it is light, and easily passed from hand to hand. Davis v. State, 50 Miss. 86.

Although an instruction that recent possession of stolen property affords slight evidence only of guilt, announces a correct principle and might well be granted, its refusal, in the case at bar, held not reversible error, there being

he had cleaned up, and that there was a piece of paper with the money, which he put in the pants pocket, and kept the money for fear that some one else would enter the room and take it; and, as

much other evidence of guilt. The instruction should state that possession of itself is slight evidence of guilt. Littlejohn v. State, 59 Miss. 273.

Whether the possession of stolen goods is honest or felonious is always a question for the jury, applying to the solution of the problem common experiences and observations of life. The conduct of the accused at the time, and subsequently, his explanation of how he came by the goods and his good character, are all legitimate subjects of proof. Foster v. State, 52 Miss. 695.

It is not error to instruct a jury that possession of the property recently stolen is *prima facie* evidence that the possessor stole it, and it devolves upon him to show that he came honestly in possession of it, unless the same appears in the evidence. While "presumptive" is the term used by the text writers, the distinction between it and *prima facie*, while it may exist, is too refined to have any material effect. Jones v. State, 51 Miss. 718.

In a trial for larceny, an instruction for the State that if the jury believes the cow alleged to have been stolen was killed, and part of the beef was found shortly afterwards in the possession of the defendant, or that the hide was traced to his possession, or that his wagon was used with his knowledge, in hauling the beef to his smokehouse, and his possession of the beef or the hide, or the use of his wagon, was not explained by the whole evidence to the satisfaction of the jury, it is warranted in finding him guilty, is erroneous. The defendant may have known that his wagon was used without knowing that a larceny had been committed, in which event he would have been guilty of no crime, and, although he may have known that the wagon was so used and that a larceny had been committed, still he would not have been guilty of larceny, but of receiving stolen goods. Alexander v. State, 60 Miss. 953.

An instruction stating that recent possession of stolen goods is presumptive "evidence," and in the same sentence that it is presumptive "proof" of guilt, it being manifest that the word "proof" is used interchangeably with "evidence," though improper, held not reversible error. Snowden v. State, 62 Miss. 100.

The hide of a yearling was found in defendant's butcher shop the next day after it was missed by its owner. Defendant paid the owner therefor, but claimed that he had purchased it from a certain other person. He testified that he did not know whether he bought the yearling from the person claimed or not, and that he did not know where he got the other hides found in the shop. *Held*, sufficient to sustain a conviction for larceny of the yearling. Washington v. State, 29 So. 77.

Where defendant, in a prosecution for larceny of cattle, was shown to have been in possession of the cattle a short time after they were stolen, an instruction that possession of property recently stolen is a circumstance of guilt, in the absence of an explanation of the recent possession, was not erroneous." Murray v. State, 36 So. 541.

Mr. Legg had put him in the room, if the money was taken by some one else he would be accused of taking it. The court excluded this evidence, and defendant excepted.

APPEALED from Circuit Court, Yalobusha county, second district, W. S. FEATHERSTONE, Judge.

Reversed and remanded, January 15, 1883.

No briefs for appellant nor the State were found in the record.

OPINION.—COOPER, J.:

The court erred in rejecting the testimony of the witness, Douglas Anderson. Payne *v.* The State, 57 Miss. 549.

*The judgment is reversed* and a new trial awarded.

---

## WINSTON JONES *v.* J. H. PIERCE, SR.

**Supreme Court — Verdict — When Set Aside.**

> When the record shows that the jury proceeded upon wrong premises in reaching a verdict, and the verdict rendered is unsupported by the evidence, it will be set aside.[1]

J. H. Pierce, Sr., obtained a judgment in April, 1875, against J. H. Pierce, Jr., & Bros. for $3,221.67, which firm had dealt with Joel W. Jones & Co., commission merchants of Mobile, Ala., from February, 1873, up to January, 1881. Joel W. Jones died,

---

[1] Where the verdict of a jury is not supported by the evidence in the case, it should be set aside by the court. Barnett *v.* Jayne, 1 Miss. Dec. 65, and cases cited in note 2.

The verdict of a jury will be set aside on consideration of the facts alone if they fail to sustain it. Allen *v.* State, 1 Miss. Dec. 126, and cases cited in note.

A verdict will not be allowed to stand where there is palpable failure of